(109 So. 117)

**CITY OF ALBANY v. BANKS.** (8 Div. 446.)

(Court of Appeals of Alabama. April 6, 1926. Rehearing Denied May 25, 1926.)

**Municipal corporations ⊚⇒644.**

Municipalities may not fix as item of costs in county or circuit courts, fee of city attorney for trying case on appeal from mayor's court.

Appeal from Morgan County Court; W. T. Lowe, Judge.

Prosecution by the City of Albany against Robert Banks. From a judgment granting defendant's motion to retax costs, plaintiff appeals. Affirmed.

Certiorari denied by Supreme Court in City of Albany v. Banks, 109 So. 117.

G. O. Chenault, of Albany, for appellant.

Appellant has power to fix salaries and fees of its officers. The fee here fixed is valid. Sloss Co. v. Smith, 175 Ala. 264, 57 So. 29; Standard Chem. & Oil Co. v. Troy, 201 Ala. 92, 77 So. 383, L. R. A. 1918C, 522; Borok v.

Birmingham, 191 Ala. 78, 67 So. 389, Ann. Cas. 1916C, 1061; Code 1923, § 1992.

Eyster & Eyster, of Albany, for appellee.

The ordinance undertaking to levy a fee of $10 as costs in appeal cases is invalid. State v. Cantieny, 34 Minn. 1, 24 N. W. 458; Leonard v. Mayor, 126 Ga. 63, 54 S. E. 963; Moody v. Williamsburg, 121 Ky. 92, 88 S. W. 1075.

SAMFORD, J. The defendant, Robert Banks, was convicted in the mayor's court of Albany for the violation of one of the ordinances of said city. From this conviction he appealed to the county court, where he was again convicted and fined $10 and costs, which he paid into court with the exception of $10 attorney's fee, as is provided by ordinance to be paid in all cases in which appeals are taken from the mayor's court to a state court. In said ordinance the $10 is required to be taxed as a part of the costs: "To be known and designated as 'attorney's fee,' as a compensation to the city attorney for his services in trying said cases in said court (county court)." The trial court, on motion seasonably made, retaxed this item, and such action is here assigned as error.

Notwithstanding the broad and almost unlimited powers which have been granted to municipalities in this state, extending to cases now governed by Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 92, 77 So. 383, L. R. A. 1918C, 522, and while we have no disposition to take issue with any of the adjudicated cases, we know of no authority whereby municipalities may fix items of costs in county or circuit courts. That is what this $10 attorney's fee is.

The ruling of the trial court was without error, and the judgment is affirmed.

Affirmed.